**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **LAWRENCE EDWARDS** | § | **CIVIL ACTION NO: 6:23-CV-00649** |
| | § | |
| **versus** | § | **DISTRICT JUDGE: DAVID C. JOSEPH** |
| | § | |
| **TIDEWATER MARINE, LLC AND INTERMOOR, INC.** | § § | **MAG. JUDGE: CAROL B. WHITEHURST** |
| | § | |

**ANSWER TO PETITION FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Tidewater Marine, LLC, ("Tidewater"), to respectfully answer the Petition for Damages ("Petition") of Lawrence Edwards and avers upon information and belief as follows:

**FIRST DEFENSE**

The Petition fails to state a claim or right or cause of action upon which relief can be granted.

**SECOND DEFENSE**

**AND NOW**, answering the specific allegations contained in the Petition, Tidewater avers that:

**I.**

The allegations contained in Paragraph 1 of the Petition are legal conclusions for which no answer is required. To the extent an answer is required, except to admit that venue and jurisdiction are proper in the Western District of Louisiana through diversity jurisdiction, the remaining allegations are denied.

**II.**

Except to admit that Intermoor, Inc., is a foreign corporation licensed and doing business in the State of Louisiana, the allegations contained in Paragraph 2 of the Petition are denied for lack of information sufficient to justify belief thereof.

**III.**

The allegations contained in Paragraph 3 of the Petition are denied for lack of information sufficient to justify belief thereof.

**IV.**

Except to admit that Lawrence Edwards was an employee of Intermoor, Inc., working on the *M/V PACIFIC DUCHESS* at the time of the alleged incident, the allegations contained in Paragraph 4 of the Petition are denied as to Tidewater, as Tidewater did not own or operate the *M/V PACIFIC DUCHESS.*

**V.**

Except to admit that on or about December 24, 2022, Lawrence Edwards was employed by Intermoor, Inc., Defendant denies the allegations contained in Paragraph 5 of the Petition.

**VI.**

The allegations contained in Paragraph 6 of the Petition are denied for lack of information sufficient to justify belief thereof.

**VII.**

The allegations contained in Paragraph 7 of the Petition are denied for lack of information sufficient to justify belief thereof.

**VIII.**

The allegations contained in Paragraph 8 of the Petition are denied for lack of information sufficient to justify belief thereof.

**IX.**

The allegations contained in Paragraph 9 of the Petition are denied for lack of information sufficient to justify belief thereof.

**X.**

Defendant denies the allegations contained in Paragraph 10 of the Petition.

**XI.**

Defendant denies the allegations contained in Paragraph 11 of the Petition.

**XII.**

Defendant denies the allegations contained in Paragraph 12 of the Petition

**XIII.**

Defendant denies the allegations contained in Paragraph 13 of the Petition.

**XIV.**

Defendant denies the allegations contained in Paragraph 14 of the Petition.

**XV.**

Defendant denies the allegations contained in Paragraph 15 of the Petition.

**XVI.**

Defendant denies the allegations contained in Paragraph 16 of the Petition.

**XVII.**

Defendant denies the allegations contained in Paragraph 17 of the Petition.

**XVIII.**

Defendant denies the allegations contained in Paragraph 18 of the Petition.

**XIX.**

Defendant denies the allegations contained in Paragraph 19 of the Petition.

**THIRD DEFENSE**

The Plaintiff was not a seaman as contemplated by the Jones Act. The Plaintiff's sole remedy, if any, is through Workman's Compensation under Louisiana Law since accident occurred in Mexican waters.

**FOURTH DEFENSE**

Tidewater avers that Plaintiff's claims are barred by the provisions of the Louisiana Workman's Compensation Act, La. Revised Statute, Sec.23:10.32.

**FIFTH DEFENSE**

As Plaintiff was not an employee of Tidewater, he has no viable claims under the Jones Act or for maintenance and cure against a company that is not his employer.

**SIXTH DEFENSE**

As Tidewater was not the owner or operator of the *M/V PACIFIC DUCHESS*, Plaintiff has no unseaworthiness claim against Tidewater.

**SEVENTH DEFENSE**

Defendant, in the alternative, avers as a separate and complete defense that, if it is found that the Plaintiff was injured aboard the *M/V PACIFIC DUCHESS*, which is denied, said injury was caused solely by the negligence of the Plaintiff for which he can have no recovery therein.

**EIGHTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that if it is found That the Plaintiff was injured about of aboard the *M/V PACIFIC DUCHESS*, which is denied, and it is found that the injury complained of was caused or contributed to by the negligence of the Plaintiff, then Defendant specifically pleads such contributory negligence of the Plaintiff as part of this action and is entitled to have any award due to Plaintiff mitigated or reduced accordingly.

**NINTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that, if the Plaintiff was injured about or aboard the *M/V PACIFIC DUCHESS*, which is denied, then his injury was caused by the fault and/or negligence of others for whose negligence Tidewater is not responsible.

**TENTH DEFENSE**

Defendant, in the further alternative, avers a separate and complete defense that if the Plaintiff is suffering from any injury and/or illness, such is the result of incidents occurring prior to or after December 24, 2022, and/or prior to or after any time or times Plaintiff may have been aboard the *M/V PACIFIC DUCHESS*, or any vessel in the possession or control of Defendant, the Plaintiff can have no recovery herein against Defendant.

**ELEVENTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that, to the extent that the Plaintiff has failed to mitigate, minimize, or avoid any damages the Plaintiff has allegedly suffered, recovery against Defendant, if any, must be reduced by that amount.

**TWELFTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that, if the Plaintiff was injured about or aboard the *M/V PACIFIC DUCHESS*, which is denied, the injuries occurred as a consequence of his assumption of accepted or ordinary risk.

**THIRTEENTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that, if the Plaintiff was injured about or aboard the *M/V PACIFIC DUCHESS*, which is denied, the injury allegedly sustained by the Plaintiff and his damages, if any, were occasioned without privity or

knowledge of Defendant and the amount of damages alleged in the Petition greatly exceeds the amount or value of Defendant's interest in the subject vessel and its freight then pending, if any. Accordingly, Defendant invokes the benefits of the provisions of the Revised Statutes of the United States of America and the act amendatory thereof and supplemental thereto, especially 46 U.S.C. §30501-30512. In accordance with the provisions of Limitation of Liability of Shipowners, the Plaintiff is not entitled to recover damages in excess of the amount of the value of the Defendant's interest in the subject vessel at the conclusion of the voyage upon which the damages, if any, were sustained, along with its freight then pending, if any. This pleading of limitation of liability shall in no way be construed as an admission of liability, but is made subject to the full denial of any and all liability as set forth above.

**FOURTEENTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that Tidewater's conduct was at all times in accordance with established industry practices and the *M/V PACIFIC DUCHESS* was seaworthy.

**FIFTEENTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that Plaintiff is not entitled to relief from Defendant because he has not sustained an injury, damage, or loss by reason of any conduct, act, error or omission by Tidewater.

**SIXTEENTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that Plaintiff's alleged damages were proximately caused by intervening, superseding and/or supervening acts for which Tidewater has no liability.

**SEVENTEENTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that Plaintiff is not entitled to judgment because his alleged damages are speculative and suffer from impossibility of proof.

**EIGHTEENTH DEFENSE**

Defendant, in the further alternative, avers as a separate and complete defense that Plaintiff is not entitled to any recovery of punitive damages and/or attorneys' fees.

**NINETEENTH DEFENSE**

The accident and injuries alleged by Plaintiff resulted wholly or in part from his own fault, breach of duty, lack of proper care and /or negligence which serves as a bar to or in diminution of any recovery herein, including, but not limited to:

a. Failure to exercise reasonable care for his own safety.

b. Failure to observe warnings and instruction.

c. Failure to comply with safety policies and rules.

d. Failure to keep a proper lookout for himself and situational awareness.

e. Failure to notify his employer of known or discoverable hazards and risks.

f. Failure to exercise Stop Work Authority

g. Other acts of negligence which may be shown at the trail of this matter.

**TWENTIETH DEFENSE**

Tidewater alleges that if Plaintiff suffered any injuries or damages, he is currently at maximum medical improvement.

**TWENTY-FIRST DEFENSE**

Tidewater did not know, and in the exercise of reasonable care, could not have known of any alleged act and or/omission of which Plaintiff complains and any other party's knowledge of any alleged act and /or omission cannot be imputed to Tidewater. Tidewater denies that it was negligent or proximately caused any injury.

**TWENTY-SECOND DEFENSE**

Any alleged injuries or damages arose from risks that were incidental to and inherent in nature of Plaintiff's employment.

**TWENTY-THIRD DEFENSE**

In the event it is determined that Plaintiff has received benefits from another source, Tidewater pleads set – off and contribution.

**TWENTY-FOURTH DEFENSE**

In the alternative, to the extent that Plaintiff has received payment of medical expenses under a policy or policies of health, accident, medical, hospitalization and /or any other form of insurance, and has subrogated his rights and /or claims for payment of said expenses to the entity or person issuing the policy(ies), there is no right or cause of action against Tidewater for the amounts unpaid.

**TWENTY-FIFTH DEFENSE**

Tidewater denies that it is jointly and severally liable in *solido* with any other party, and denies it is liable for the fault of any other party named.

## TWENTY-SIXTH DEFENSE

Tidewater reserves the right to file additional defenses, and claims, including but not limited to counterclaims, cross-claims, and /or claims against third parties as further discovery in this matter may warrant or require.

**WHEREFORE**, Defendant, Tidewater Marine, LLC. prays that its answers and defenses to Plaintiff, Lawrence Edward's, Petition for Damages be deemed good and sufficient and that after due proceedings are had, there be judgment in favor of Tidewater Marine, LLC, and against the Plaintiff at Plaintiff's costs and dismissing Plaintiff's Petition for Damages, with prejudice, and for all other general and equitable relief to which may be entitled.

Respectfully submitted,

*/s/ Delos E. Flint, Jr.*

Delos E. Flint, Jr. (La. Bar No.: 5616)
Destinee F. Ramos (La. Bar No.: 37681)
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone No.: (504) 568-1990
Facsimile No.: (504) 310-9195
E-mail: dflint@lawla.com
E-mail: dramos@lawla.com
*Counsel for Tidewater Marine, LLC,*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of May, 2023, a copy of the foregoing pleadings was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel via the Court's electronic filing system.

*/s/ Delos E. Flint, Jr.*