**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **LAWRENCE EDWARDS** | § | **CIVIL ACTION NO: 6:23-CV-00649** |
| | § | |
| **versus** | § | **DISTRICT JUDGE: DAVID C. JOSEPH** |
| | § | |
| **TIDEWATER MARINE, L.L.C.** | § | **MAG. JUDGE: CAROL B.** |
| **AND** | § | **WHITEHURST** |
| **INTERMOOR, INC.** | § | |

**TIDEWATER MARINE, L.L.C.'S MEMORANDUM**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT**

**MAY IT PLEASE THE COURT:**

Defendant TIDEWATER MARINE, L.L.C., ("TMLLC") hereby submits its Memorandum in Support of its Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure.

On or about December 24, 2022, Lawrence Edwards was employed by InterMoor, Inc. ("InterMoor"). He was temporarily assigned to the M/V PACIFIC DUCHESS working on an offshore installation project for an oil rig in the Bay of Campeche, Mexico. InterMoor, Inc. had a contract with Eni Mexico S. de R.L. de C.V. ("ENI Mexico") to provide personnel in connection with the project. According to Plaintiff's Petition, Lawrence Edwards was on the rear deck of the M/V PACIFIC DUCHESS workboat when a rogue wave came over stern deck and reportedly injured him. On April 12, 2023, Plaintiff filed a petition in the 16th Judicial District Court for the Parish of St. Mary, alleging Jones Act and general maritime claims against his employer, InterMoor, as well as TMLLC.

On May 16, 2023, pursuant to 28 U.S.C. §§1441 and 1446, a Notice of Removal was filed in the United States District Court for the Western District of Louisiana, Lafayette/Opelousas Division. Therein, InterMoor asserted that the Jones Act was fraudulently pled. We also note that

in the initial petition, Mr. Edwards alleged that he was injured off the coast of Louisiana. However, the facts disclose the alleged incident occurred at Latitude, 18°42'11.0"N, and Longitude, 93°26'07"W (the southernmost portion of the Bay of Campeche, off the coast of Mexico). On December 24, 2022, the M/V PACIFIC DUCHESS, a Singaporean flagged vessel, was owned by a Singapore corporation, Tidewater Offshore Operations PTE. LTD.

At the time of the incident, TMLLC had no personnel on board the M/V PACIFIC DUCHESS, nor did it operate or control the M/V PACIFIC DUCHESS. (*See Exhibit "1" Affidavit of Vincent R. Almerico, III*). Accordingly, not being the Plaintiff's employer and not owning or operating the vessel, TMLLC should be dismissed from this action.

There are three key facts which compel the dismissal of TMLCC from this action. (1) Plaintiff was not employed by TMLCC and has no Jones Act claim against TMLLC; (2) Not being employed by TMLLC, Plaintiff has no maintenance and cure claim against TMLCC, and (3) Because TMLLC did not own or operate the M/V PACIFIC DUCHESS, Plaintiff has no claim for unseaworthiness against TMLCC.

**THE PLAINTIFF HAS NO JONES ACT AGAINST TMLLC**

"The Jones Act provides a cause of action for any seaman injured *in the course of his employment*." *Lee v. Nacher Corp.*, No. CV 17-6547, 2019 WL 315898, at *3 (E.D. La. Jan. 24, 2019) (citation omitted) (internal quotation marks omitted) (emphasis added). Further, "[a] Jones Act claim also requires proof of an employment relationship either with the owner of the vessel or with some other employer who assigns the worker to a task creating a vessel connection." *Id.* (citation omitted) (alternation in original); *see also*, *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975); *decision clarified*, 546 F.2d 675 (5th Cir. 1977), *and overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997); *Simon v. Bertucci Contracting Co., LLC*, No. CV 20-3320, 2022 WL 4079868, at *2 (E.D. La. Sept. 6, 2022) (granting Summary

Judgment in favor of defendant on the plaintiff's Jones Act, Maintenance and Cure, and Unseaworthiness claims). "[B]y the express terms of the Jones Act an employer-employee relationship is essential to recovery." *Simon*, 2022 WL 4079868, at *2 (citing *Guidry v. S. La. Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980) (quoting *Spinks,* 507 F.2d at 224) (internal quotation marks omitted)).

For example, in *Lee v. Nacher Corp.,* where there was no genuine issue of material fact that none of the defendants "owned the platform on which Plaintiff worked or employed Plaintiff," the defendants were "entitled to judgment as a matter of law on Plaintiff's Jones Act negligence and negligence per se claims against them." *Lee,* 2019 WL 315898, at *3. Similarly, in *Ashcraft v. Cantium, LLC*, the court noted that where there was "no dispute that [a given defendant] was not Plaintiff's employer, any Jones Act claim raised against [said defendant] was improperly joined to [the] action and [could not] defeat removal." No. CV 22-329-SDD-RLB, 2022 WL 4581053, at *6 (M.D. La. Sept. 7, 2022), *report and recommendation adopted,* No. CV 22-329-SDD-RLB, 2022 WL 4543187 (M.D. La. Sept. 28, 2022). Additionally, in *Simon v. Bertucci Contracting Co., LLC*, where the plaintiff failed to come forward with specific facts that show a genuine issue exists as to whether the defendant employed him, the Court found that the defendant was not liable to Plaintiff under the Jones Act. *Simon*, 2022 WL 4079868, at *2. *See also, Griffin v. REC Marine Logistics LLC*, No. CV 20-00092-BAJ-EWD, 2022 WL 256293, at *2 (M.D. La. Jan. 26, 2022) (dismissing plaintiff's Jones Act claims with prejudice as to two defendant entities that were confirmed to never have employed the plaintiff).

As the facts disclose, Plaintiff was employed by InterMoor to work on an offshore oil exploration project (*see Exhibit "2," Affidavit of Lawrence Edwards*). As he was not an employee of TMLLC, he can have no Jones Act claim for compensation against TMLLC because it was not

his employer. The Plaintiff can only maintain a Jones Act claim against his employer. *Lee*, 2019 WL 315898; *Spinks*, 507 F.2d 216; *Simon*, 2022 WL 4079868; *Griffin*, 2022 WL 256293.

**THE PLAINTIFF HAS NO CLAIMS FOR MAINTENANCE AND CURE AGAINST TMLLC**

"[M]aintenance and cure is the implied right of the seaman arising from his or her employment relationship with the shipowner and is independent of any other source of recovery for the seaman (e.g., recovery for Jones Act claims)." *Simon*, 2022 WL 4079868, at *2 (citing *Nichols v. Weeks Marine*, Inc., 513 F. Supp. 2d 627, 638 (E.D. La. 2007) (quoting *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir. 1994) (internal quotation marks omitted)))). "[T]he seaman's claim for maintenance and cure lies against the seaman's employer…." *Id.* (citations omitted) (internal quotation marks omitted)). Notably, the "same criteria apply as those applicable in determining liability under the Jones Act" when "determining who is the employer with respect to liability for maintenance and cure." *Lee*, 2019 WL 315898, at *4; *see also, Solet v. M/V Capt. H. V. Dufrene*, 303 F. Supp. 980, 987–88 (E.D. La. 1969).

Accordingly, in *Lee v. Nacher Corp.*, the court similarly held that because the plaintiff was not a Jones Act seaman and was not employed by the defendants, the defendants were "entitled to judgment as a matter of law on Plaintiff's claim for maintenance and cure under general maritime law." *Lee*, 2019 WL 315898, at *4. Similarly, in *Simon*, where the plaintiff failed to come forward with specific facts that show a genuine issue exists as to whether the defendant employed the plaintiff, he had no maintenance and cure claim against the defendant. *Simon*, 2022 WL 4079868, at *2. *See also, Griffin*, 2022 WL 256293, at *2 (M.D. La. Jan. 26, 2022) (dismissing plaintiff's maintenance and cure claims with prejudice as to two defendant entities that were confirmed to never have employed the plaintiff).

The Plaintiff in this case has no claims for maintenance and cure against TMLLC. Again, as InterMoor is his employer, if the Plaintiff is indeed a Jones Act seaman, he has a claim for maintenance and cure against InterMoor. Because he was not an employee of TMLLC, he cannot maintain his claim for maintenance and cure. The law is well settled on this issue. *Simon*, 2022 WL 4079868, *Lee*, 2019 WL 315898, *Solet*, 303 F. Supp. 980; *Griffin*, 2022 WL 256293.

**TMLCC CANNOT BE SUED FOR AN UNSEAWORTHY VESSEL**
**AS IT WAS NOT THE OPERATOR OR OWNER OF THE SHIP**

"Unseaworthiness is a claim under general maritime law based on the vessel owner's duty to provide a seaworthy vessel, including appurtenances, gear and equipment, reasonably fit for its intended purpose of performing offshore operations." *Simon*, 2022 WL 4079868, at *3 (citing P*hillips v. Western Co. of North America,* 953 F.2d 923, 928 (5th Cir. 1992) (citing *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988))). "[V]essel owners are liable to seamen for injuries proximately caused by the unseaworthiness of their vessels." *Id.* (quoting *Patterson v. Omega Protein, Inc*., 26 F. Supp. 3d 544, 547 (E.D. La. 2014) (internal quotation marks omitted)). "It is clear an unseaworthiness claim may be brought only against the owner or demise charterer of a vessel." *Delozier v. S2 Energy Operating, LLC*, 491 F. Supp. 3d 149, 158 (E.D. La. 2020). "The appropriate defendant in an unseaworthiness case is the person who had operational control of the ship at the time the condition was created or the accident occurred." *Id.* at 158-159 (citation omitted) (internal quotation marks omitted). "As a general rule, the vessel owner is the proper defendant for an unseaworthiness claim." *Lee*, 2019 WL 315898, at *4 (citation omitted).

As such, in *Lee v. Nacher Corp.*, where there was no genuine dispute of material fact that the defendants did not own the platform at issue, the defendants were "entitled to judgment as a matter of law on Plaintiff's unseaworthiness claim against them." *Id.* at *5. Similarly, in *Delozier*

*v. S2 Energy Operating, LLC*, the court granted summary judgment in favor of defendant, Pioneer, on the plaintiff's unseaworthiness claim where Pioneer was "neither the owner nor the demise charterer of" the vessel at issue. *Delozier*, 491 F. Supp. 3d at 160. Additionally, in *Simon,* where the defendant was found not to be the owner of the barge at issue at the time of the incident, the court held that said defendant "cannot be liable for its alleged unseaworthiness." *Simon*, 2022 WL 4079868, at *3. *See also, Griffin v. REC Marine Logistics LLC*, No. CV 20-00092-BAJ-EWD, 2022 WL 256293, at *2 (M.D. La. Jan. 26, 2022) (dismissing plaintiff's unseaworthiness claims with prejudice as to two defendant entities that were not the owner or operator of the vessel at issue).

As this Court is well aware, foreign countries have different requirements for vessels and offshore activities off of their coast. Multi-National corporations set up systems to take advantage of the various laws of the countries in which they are operating. Accordingly, one will not normally find American flag vessels working on Mexican oilfield projects. Rather, as the case was here, the M/V PACIFIC DUCHESS was chartered to a Mexican Oil Company and was predominantly crewed by Mexican nationals.

TMLLC is a domestic corporation that provides support services in American waters. None of its personnel were on the M/V PACIFIC DUCHESS. TMLCC did not own or operate the M/V PACIFIC DUCHESS. Her operations were directed by personnel through Tidewater Offshore Operations PTE. LTD. in conjunction with the Mexican client's needs. Accordingly, no claims can lie against TMLLC under general maritime law for unseaworthiness as it was not the owner or operator of the vessel or in any other way involved with a project that took place overseas in a foreign country. *Simon*, 2022 WL 4079868; *Delozier,* 491 F. Supp. 3d 149; *Lee*, 2019 WL 315898; *Griffin*, 2022 WL 256293.

## CONCLUSION

In light of the fact that the Plaintiff has admitted his employer is Intermoor, he can have no claims against TMLLC for Jones Act negligence or maintenance and cure. Furthermore, as TMLLC did not own and/or operate the vessel, Plaintiff can have no claim for unseaworthiness. For these reasons and those cited above, Defendant TMLLC moves this Honorable Court for dismissal with prejudice.

Respectfully submitted,

*/s/ Delos E. Flint, Jr.*

Delos E. Flint, Jr. (La. Bar No.: 5616)
Destinee F. Ramos (La. Bar No.: 37681)
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone No.: (504) 568-1990
Facsimile No.: (504) 310-9195
E-mail: *dflint@lawla.com*
E-mail: *dramos@lawla.com*
*Counsel for Tidewater Marine, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2023, a copy of the foregoing pleadings was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel via the Court's electronic filing system.

*/s/ Delos E. Flint, Jr.*