UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LAWRENCE EDWARDS** | **CASE NO. 6:23-CV-00649** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **INTERMOOR INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Tidewater, Inc.'s Motion to Dismiss pursuant to Rule 12(b)(2) and 12(b)(6) (Rec. Doc. 100). Plaintiff did not file a timely opposition. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Tidewater, Inc.'s motion be granted.

### Facts and Procedural History

Plaintiff filed suit in state court in April 2023, following a work accident aboard the *M/V Pacific Duchess*. The convoluted procedural history of this case has established that Plaintiff was employed by Intermoor, Inc. and was not a Jones Act seaman at the time of the accident. (Rec. Doc. 80; 92; 97; 98). By first amended petition, Plaintiff sued Intermoor, Tidewater Offshore Operations PTE. LTD, and

Tidewater, Inc. (Rec. Doc. 83). The Court dismissed Intermoor on summary judgment after finding that Plaintiff was not a seaman. (Rec. Doc. 97; 98). Tidewater, Inc. now seeks dismissal for lack of personal jurisdiction and for failure to state a claim.

The evidence demonstrates that Tidewater, Inc. did not employ Plaintiff or own or charter the *Pacific Duchess*. The *Pacific Duchess* is a Singaporean flagged vessel which was owned by Swire Pacific Offshore Operations (PTE) Ltd. Swire was subsequently acquired by Tidewater Offshore Operations PTE. LTD, which is a Singaporean company and is now the owner of the vessel. (Rec. Doc. 100-2, ¶6-11). Tidewater, Inc. is a holding company whose subsidiary, TDW International Unrestricted, Inc., acquired the ultimate parent company of Swire. (Rec. Doc. 100-2, ¶7). Tidewater, Inc. is a Delaware Corporation with its principal place of business in Texas. (Rec. Doc. 100-2, ¶2). At the time of the accident, the *Pacific Duchess* was demise chartered to a Mexican entity (Tidewater de Mexico de R.L. de C.V., which in turn chartered the vessel and provided crew to ENI de Mexico for a Mexican oilfield project. (Rec. Doc. 100-2, ¶16-17).

## Law and Analysis

### I.   Personal Jurisdiction

F.R.C.P. Rule 12(b)(2) is the vehicle by which a non-resident defendant may challenge the court's personal jurisdiction over him. Plaintiff bears of the burden of

demonstrating jurisdiction by presenting facts sufficient to constitute a *prima facie* case of jurisdiction. *Johnson v. TheHuffingtonPost.com, Inc.,* 21 F.4th 314, 317 (5th Cir. 2021), *cert. denied,* 143 S. Ct. 485, 214 L. Ed. 2d 277 (2022); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir.2003). In determining whether jurisdiction exists, the court must accept the plaintiff's uncontroverted, non-conclusory allegations of fact. *Johnson*, 21 F.4th at 317. The "court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Luv N' care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006). The court is not required to credit conclusory allegations, even if left uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

In determining whether personal jurisdiction is proper, a district court sitting in diversity applies the law of the forum state in which it sits. Fed. R. Civ. P. 4(e). The Louisiana Long-Arm Statute provides that this Court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution. Fed. R. Civ. P. 4(e). Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process. *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987). This Court need only determine whether subjecting

Tidewater, Inc. to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment. See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999). In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being haled into court in Louisiana. *Id*.

Minimum contacts may give rise to either specific jurisdiction or general jurisdiction.

> Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general" jurisdiction over any action brought against that defendant. Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum."

*Luv N' care*, 438 F.3d at 469 (cleaned up).

### A. General Jurisdiction

General jurisdiction exists when a defendant's affiliations with the forum state are so continuous and systematic as to render the defendant essentially at home there

4

even if the cause of action did not arise from or relate to the defendant's purposeful contacts with the forum. *Freudensprung v. Offshore Tech. Servs., Inc.,* 379 F.3d 327, 343 (5th Cir. 2004).

Tidewater, Inc. submitted evidence that it is a Delaware corporation with its principal place of business in Texas. It does not own property in Louisiana and has no office there. The *Pacific Duchess* was a Singaporean flagged vessel that was working off the coast of Mexico at the time of the accident and has never sailed in American waters. (Rec. Doc. 100-2). The uncontroverted evidence shows that Tidewater, Inc. did not have continuous or systematic contacts with Louisiana to warrant general jurisdiction.

### B. <u>Specific Jurisdiction.</u>

Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Walk Haydel*, 517 F.3d at 243. Whether specific jurisdiction exists is a three-step inquiry. First, the court must determine whether the defendant has minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. *Nuivo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir.2002). Random, fortuitous, or attenuated contacts are insufficient. *Moncrief Oil Int'l v. OAO*

5

*Gazprom*, 481 F.3d 309, 311 (5th Cir.2007). Second, the court must determine whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum. *Nuivo Pignone*, 310 F.3d at 378. Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir.2006).

Tidewater, Inc. had nothing to do with Plaintiff, the vessel, or anything related to this case other than as a parent or related entity. Plaintiff failed to present any evidence countervailing Tidewater Inc.'s affidavit to that effect. Neither has Plaintiff presented any argument or evidence supporting an alter ego or corporate veil piercing theory, the only conceivable theories which could potentially impose jurisdiction upon Tidewater, Inc. The Court finds that Plaintiff has failed to meet the first two prongs for specific jurisdiction and that the Court lacks personal jurisdiction over Tidewater, Inc.

Having found jurisdiction lacking, the Court declines to consider Tidewater Inc.'s motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6).

## **Conclusion**

For the reasons discussed herein, the Court recommends that Tidewater, Inc.'s Motion to Dismiss (Rec. Doc. 100) be GRANTED insofar as the Court lacks personal jurisdiction over Tidewater, Inc.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 8th day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE